[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11376

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAWRENCE LOMBARDI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:99-cr-00071-RH-MAL-1

_____

Before JORDAN, JILL PRYOR, AND BRASHER, Circuit Judges.

PER CURIAM:

Lawrence Lombardi, proceeding *pro se*, appeals the district court's orders denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and denying his motion for reconsideration. He argues that he was eligible for a reduction under Part B of Amendment 821 to the United States Sentencing Guidelines as a "zero-point offender" because his single criminal history point was assigned in error and he was entitled to relief under the current version of the 18 U.S.C. § 3553(a) sentencing factors.

## I

In 2000, a jury found Mr. Lombardi guilty of federal charges related to his planting of pipe bombs that exploded on the campus of the Florida Agricultural and Mechanical University—a historically black university—in Tallahassee, Florida. Mr. Lombardi was convicted of two counts of maliciously damaging property used in interstate commerce by using an explosive in violation of 18 U.S.C. § 844(i), two counts of using and carrying a destructive device in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and two count of interfering with federally protected activities based on race in violation of 18 U.S.C. § 245(b)(2)(A).

The district court, using the 1998 version of the Sentencing Guidelines, sentenced Mr. Lombardi to 108 months' imprisonment on four of the counts of conviction, running concurrently. As to the other two counts, the district court imposed a consecutive term

of 30 years' imprisonment on one and a consecutive term of life imprisonment term on to the other, followed by five years of supervised release. Mr. Lombardi appealed both his convictions and his sentence, and we affirmed. *See United States v. Lombardi*, 253 F.3d 711 (11th Cir. 2001) (table).

After granting Mr. Lombardi's motion to vacate pursuant to 18 U.S.C. § 2255 in 2020, the district court vacated two of the convictions and resentenced Mr. Lombardi to a total of 648 months' imprisonment followed by three years of supervised release. Mr. Lombardi appealed the substantive reasonableness of his sentence, and we again affirmed. *See United States v. Lombardi*, No. 20-14386, 2022 WL 854499 (11th Cir. 2022).

In March of 2024, Mr. Lombardi, proceeding *pro se*, filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He argued that he was eligible for a reduction based on the zero-point offender provision of Amendment 821 to the Sentencing Guidelines, which was made retroactive by Amendment 825.

Because Mr. Lombardi had an existing criminal history point for a prior reckless driving offense, the district court denied his motion on the ground that he was ineligible. *See* D.E. 297 at 2. The district court also alternatively ruled that, even if Mr. Lombardi was eligible for a sentence reduction under Amendment 821, it would exercise its discretion upon consideration of the 18 U.S.C. § 3553(a) sentencing factors and deny a reduction. It explained that the reasons it set out in the record at the 2020 resentencing "remain[ed] fully applicable." *See id.*

Mr. Lombardi moved for reconsideration.  The district court denied that motion as well.

On appeal, Mr. Lombardi argues that the district court erred in denying his motion for a sentence reduction based on Amendment 821 to the Sentencing Guidelines, and in denying his subsequent motion for reconsideration.  He contends that he was eligible for relief as a zero-point offender based on Amendment 709 to the Sentencing Guidelines.  He also asserts that he is entitled to a sentence reduction under the current § 3553(a) factors, which he believes the district court did not fully consider.

## II

We review a district court's legal determination of a defendant's eligibility for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) *de novo*.  *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).  We review a district court's decision to grant or deny an eligible defendant's request for a sentence reduction, however, for abuse of discretion.  *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).  We also review the district court's order denying a motion for reconsideration of the denial of a sentence reduction for abuse of discretion.  *See United States v. Llewlyn*, 879 F.3d 1291, 1293–94 (11th Cir. 2018).

Mr. Lombardi contends for the first time on appeal that Amendment 709 to the Sentencing Guidelines retroactively applies to him and therefore makes him a zero-point offender.  Mr. Lombardi is proceeding *pro se*, so we liberally construe his filings.  *See United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).  But

because Mr. Lombardi is presenting a new argument for the first time on appeal, we review that argument for plain error. *See United States v. Colon*, 707 F.3d 1255, 1260 n.1 (11th Cir. 2013). To prevail under plain error review, Mr. Lombardi must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. If he does so, we have discretion to correct the error if it seriously affected the fairness of the judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

## III

A district court may modify a term of imprisonment if the defendant was sentenced based on a guideline range that has subsequently been lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *See id.* To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in § 1B1.10(d) of the Guidelines as retroactive. *See* U.S.S.G. § 1B1.10(a)(1). Because it is listed in § 1B1.10(d), Part B of Amendment 821 may serve as the basis for a sentence reduction. *See* § 1B1.10(a)(1), (d).

## A

Courts follow a two-step inquiry to evaluate a § 3582(c)(2) motion for a sentence reduction. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). We describe that process below.

First, the district court recalculates the guideline range under the amended guidelines to determine whether a retroactive

amendment would lower the defendant's guideline range. *See id.* But § 3582(c)(2) "does not authorize a sentencing or resentencing proceeding." *Id.* at 825. "[O]nly the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) (citation and quotation marks omitted). The district court's discretion is "cabined" to sole consideration of the Guideline that has been amended since the original sentencing. *See id.* at 781.

Second, if a defendant is eligible for relief, the district court must determine whether a sentence reduction would be consistent with the applicable policy statement, the sentencing factors laid out in 18 U.S.C. § 3553(a), and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). *See Dillon*, 560 U.S. at 827. As relevant here, § 3553(a) requires the district court to "impose a sentence sufficient, but not greater than necessary," that, among other things, reflects the seriousness of the offense, adequately deters criminal conduct, and protects the public from further crimes of the defendant. *See* § 3553(a), (2)(A)–(C). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline sentencing range, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a)(1), (4), (6).

The district court need not explain at length why the § 3553(a) factors do not warrant a reduction if the record reflects that it took these factors into account. *See United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009). This is particularly so where—as here—the same judge who initially sentenced the defendant declines to reduce the sentence under § 3582(c)(2). *See United States v. Eggersdorf*, 126 F.3d 1318, 1322–23 (11th Cir. 1997).

**B**

Two amendments to the Sentencing Guidelines, Amendment 709 and Amendment 821, are relevant to this appeal.

In 2007, Amendment 709 revised the computation of criminal history scores for different misdemeanor offenses by providing that a misdemeanor conviction for reckless driving is assigned criminal history points only if it resulted in a probation sentence of *more* than one year. Previously the Sentencing Guidelines assigned points to misdemeanor convictions resulting in *at least* one year of probation. *See* U.S.S.G. App. C, Amend. 709. *Compare* U.S.S.G. § 4A1.2(c)(1) (2005), *with* U.S.S.G. § 4A1.2(c)(1) (2007). Significantly, Amendment 709 was not made retroactive. *See* U.S.S.G. § 1B1.10(d).

Amendment 821 to the Sentencing Guidelines went into effect in November of 2023. *See* U.S.S.G. App. C, Amend. 821, pt. B. Subpart 1 of Part B of Amendment 821 modified Chapter 4 of the Guidelines by adding U.S.S.G. § 4C1.1—titled "Adjustment for Certain Zero-Point Offenders"—which provides for a decrease in the offense level if the defendant satisfies ten criteria. These include

that the defendant must not have (1) "receive[d] any criminal history points from Chapter Four, pt. A"; (2) used violence or credible threats of violence in connection with the offense; (3) possessed, received, purchased, transported, transferred, sold, or disposed of a firearm or dangerous weapon; (4) committed an offense involving individual rights under U.S.S.G. § 2H1.1; or (5) received an adjustment under U.S.S.G. § 3A1.1 for committing an offense with hate-crime motivation. *See* § 4C1.1(a) (2023). Amendment 825 made the U.S.S.G. § 4C1.1(a) portion of Amendment 821 retroactively applicable under U.S.S.G. § 1B1.10(d). *See* U.S.S.G. App. C Supp., Amend. 825.

For two reasons, the district court did not err, plainly or otherwise, in denying Mr. Lombardi's § 3582(c)(2) motion for reduction of sentence and the motion for reconsideration. First, Mr. Lombardi was ineligible for relief under the zero-point offender provision of Amendment 821. He had a criminal history point for a prior reckless driving offense, and he could not rely on Amendment 709 to wipe out that point because (a) Amendment 709 was not made retroactive and (b) a § 3582(c)(2) motion cannot be used to revisit other sentencing determinations made at the initial sentencing hearing. *See Bravo*, 203 F.3d at 780–81. Second, on this record, and given Mr. Lombardi's offenses, we cannot say that the district court abused its discretion in alternatively ruling that it would deny the motion for reduction of sentence even if Mr. Lombardi was eligible for a reduction. As the district court explained, the reasons it set out in the 2020 resentencing proceeding—where it imposed a total sentence of 648 months' imprisonment—remained

24-11376                Opinion of the Court                9

fully applicable.  Mr. Lombardi has not shown any clear error of judgment by the district court.

## IV

We affirm the district court's orders.

**AFFIRMED.**